Robert R. Calli, Esq. Informal Opinion No. 99-24 Utica Municipal Housing Authority P.O. Box 4130 Utica, N Y 13504-4130
Dear Mr. Calli:
You have inquired whether the current composition of the Board of Commissioners of the Utica Municipal Housing Authority complies with State law. Your concern is section 30(4) of the Public Housing Law, which provides:
 Not more than one member [of the Board] of an authority may be an official or an employee of the municipality at any one time. In the event that an official or an employee of the municipality shall be appointed as a member of the authority, acceptance or retention of such appointment shall not be deemed a forfeiture of his municipal office or employment, or incompatible therewith or affect his tenure or compensation in any way. The term of office of a member of an authority who is an official of the municipality shall terminate at the expiration of the term of his municipal office.
You informed us that currently the Utica Commissioner of Public Safety, a member of the Utica Zoning Board of Appeals and a member of the Utica Parking Authority are members of the Board of the Utica Housing Authority. You have asked whether their membership on the Housing Authority's Board is in violation of section 30(4) of the Public Housing Law.
The member of the Utica Parking Authority is not an officer or employee of the City of Utica. The Parking Authority is a public benefit corporation (Public Authorities Law § 1590-c), which is a legal entity separate from the City of Utica (see, New York State Chapter,Inc. v. New York State Thruway Authority, 88 N.Y.2d 56 [1996]). Therefore, that position would not fall within the restriction established by section 30(4). The Commissioner of Public Safety and the member of the Zoning Board of Appeals, however, are officials of the City of Utica and are subject to the restriction.
Under Public Housing Law § 30(4), a housing authority board may include at any one time only one employee or officer of the municipality. A person who serves in both capacities is deemed to be the municipality's representative on the board. The municipal officer or employee may serve on the authority's board during the term of his or her municipal employment. It appears that the Legislature intended that a municipality have only one official representative on the board of a housing authority. Therefore, because two officials of the City of Utica serve on the Utica Housing Authority, there is a violation of section30(4) of the Public Housing Law.
Therefore, a member of the Board of Commissioners of the Utica Municipal Housing Authority has been serving in violation of State law. He has been serving as a de facto, rather than a lawfully appointed officer. See, 1962 Op Atty Gen (Inf) 126; 1986 Op Atty Gen (Inf) 96. We note, however, that under well-established law, the actions of a person who is serving under color of law as a de facto officer are valid and not subject to collateral attack. Id.
We conclude that section 30(4) of the Public Housing Law permits only one municipal official to be a member of that municipality's public housing authority.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
James D. Cole, Assistant Attorney General
In Charge of Opinions